[Crim. No. 600.   Fourth Dist.   Mar. 22, 1949.]

THE PEOPLE, Respondent, v. MELVIN RUSH, Appellant.

Raymond A. Ferrario for Appellant.

Fred N. Howser, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant was charged with robbery while armed with a gun and, in a second count, with a violation of section 2, Act 1970 of 1 Deering's General Laws [Stats. 1923, p. 695 as amended]. He was further charged with two previous convictions of felonies, both being burglaries. A jury found him guilty on both counts, and found against him with respect to both prior convictions. He has appealed from the judgment and from an order denying his motion for a new trial.

Appellant's main contention is that the evidence is insufficient to support the judgment. About 10 p. m. on April 8, 1948, the appellant came to a service station in Fresno

and purchased a cigar. Just before 12 that night he returned and asked for some fuses. When the attendant opened the cash register to make change the appellant threatened him with a large service-type revolver and took the contents of the cash register, amounting to about $480, including $325 in cash and some checks. He then demanded that he be given a green bag with other money, which was in a safe. While this was going on a Fresno attorney drove into the station for gas and, getting no service, walked to the door. He then saw the appellant waving a gun at the attendant near the safe. The attorney ran across the street and the police were called. When they arrived the appellant had left.

. On the morning of April 9, the appellant went to a café in Fresno and although the proprietors had known him for some years they refused to cash some checks which he had. He then tore four checks into small pieces and left them there rolled up in a paper napkin. These checks were turned over to the police, pasted together, and introduced in evidence. They were checks which had been taken from this service station in the robbery in question. The next day, April 10, the appellant was arrested in Mendota. A service revolver exactly similar to the one used in this robbery was found in his car.

In addition to the other evidence, the appellant was positively identified by the service station attendant and by the attorney. He attempted to establish an alibi, claiming that he was in Firebaugh at or about the time the robbery occurred. A woman testified that she owned a restaurant in Firebaugh; that the appellant came in and ate between 11 and 12 on the night of April 8; that he asked her and her husband if they would be witnesses for him "in a robbery"; and that this occurred about April 8, "in there somewhere." Her husband testified that the appellant came in about 11:30 or midnight on that night, and told them that he had been "cornered" on a robbery charge. Evidence was introduced that at another time, prior to the trial, this witness had told the officers that he did not know exactly what date it was when the appellant had come into the restaurant. Another witness testified that he was a janitor at this restaurant in Firebaugh, and that the appellant came in there on the night of April 8 at about 10 or 10:15. He then testified that he did not know the date when this occurred until the appellant, later on, told him what date it was.

The appellant, on the stand, told a confused story which

varied materially from the story he told the officers immediately after his arrest. The prior convictions were proved beyond question. The evidence on the other issues speaks for itself, and the contention here made is entirely without merit.

It is further suggested that the district attorney committed prejudicial error during the course of the trial. No references to the transcript are made in support of this charge and it is difficult to determine what error, if any, the writer of the brief had in mind. A reading of the record discloses no such error, prejudicial or otherwise.

The judgment and order are affirmed.

Griffin, J., and Mussell, J., concurred.